**Henry MASON, Plaintiff-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.**

No. 27876
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 29, 1969.

Henry Mason, pro se.

Earl Faircloth, Atty. Gen., State of Fla., James Robert Yon, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ This appeal is taken by a Florida convict from the order of the district court dismissing his complaint seeking an injunction and damages against the Florida State Prison pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The district court dismissed the petition stating that appellant has shown no deprivation of his constitutional rights upon which relief could be granted. We affirm.[1]

In his pro se petition the appellant, a Black Muslim, alleged (1) that prison authorities discriminate against and harass him and those of his faith; (2) have denied him the right to exercise his religion, to receive literature pertaining to his faith, and to correspond with Elijah Mohammed; and (3) have placed him in maximum security solely because of his religious beliefs.

■ An order was issued by the district court in which allegations (1) and (2) were dismissed for failure to allege sufficient facts. As to the third allegation, the court directed the appellee to show cause why relief should not be granted.

■ Upon the filing of the response, which was accompanied by affidavits of a prison chaplain and the captain of appellant's wing, the complaint was dismissed without a hearing. The response stated that appellant has never indicated to any prison personnel his preference for the Black Muslim religion, and that appellant is confined in maximum security due to behavior warranting disciplinary action, not because of his religious beliefs.

The affidavits bear out the facts stated in the response. The affidavit of the chaplain shows that appellant has never made requests for religious literature or to correspond with a minister. Nor does appellant allege the contrary in his complaint. The chaplain also states that the appellant, upon entering prison, stated his religious preference to be the Baptist church, and that appellant has not made known any desire to change this

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

affiliation. The affidavit of the captain of appellant's wing states that appellant is confined in maximum security because of violations of prison regulations. Appellant has alleged no facts to show that his incarceration in maximum security is the result of religious discrimination. He has only stated his conclusion which the response has refuted by sworn affidavits of prison officials.

We find no error in the judgment of the district court in dismissing the complaint.

Affirmed.