Charles SMITH, Plaintiff,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, et al., Defendants.

Civ. A. No. 1495.

United States District Court,
W. D. Missouri,
Central Division.

April 26, 1971.
As Amended May 6, 1971.

Charles Smith, plaintiff, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER DENYING PLAINTIFF LEAVE TO APPEAL IN FORMA PAUPERIS

WILLIAM H. BECKER, Chief Judge.

In his complaint herein under the Federal Civil Rights Act, plaintiff, a state convict confined in the Missouri State Penitentiary, stated that his federal rights had been violated by his commitment to maximum security confinement in April 1968 and his continuous retention there, except for some intermissions, to the time of the filing of the complaint herein. Because, however, plaintiff admitted that threats had been made to his safety; that a knife had been thrown into his cell; and because he was serving a 50-year sentence for stabbing another inmate, plaintiff could not state any claim of arbitrary or capricious commitment or retention in maximum security confinement from April 1968 to September 1969. Further, the pendency of a criminal charge against him in a state court, which plaintiff admitted to be pending, justi-fied his retention in maximum security quarters from March 31, 1970. Because plaintiff therefore did not state any claim of the denial of a federal right, his complaint was dismissed on March 25, 1971, 333 F.Supp. 1253.

Plaintiff now moves for leave to appeal in forma pauperis. Under the provisions of Rule 24, F.R.App.P., the federal district court may grant an indigent appellant who has been granted leave to proceed in forma pauperis further leave to appeal in forma pauperis without a further showing of indigency unless that court certifies that the appeal is not taken in good faith or the appellant is not otherwise entitled to an appeal in forma pauperis. In the case at bar, plaintiff cannot raise any substantial issues on appeal. In a brief memorandum accompanying his motion for leave to appeal in forma pauperis, plaintiff contends that commitment to maximum security confinement in the Missouri State Penitentiary is *per se* a violation of the 8th Amendment's prohibition of cruel and unusual punishment because it includes deprivation of certain other privileges which he names as follows:

"by depriving him of equal yard and entertainment opportunities; by depriving him equal opportunities to earn merit time by working and by other means; by depriving him equal opportunities to purchase articles from the commissary; by subjecting him to poorer living conditions than other prisoners who were being held in protective custody, by not allowing him to have a razor and a mirror and a television set and radio the same as other prisoners who were being held in protective custody."

The denial of certain comforts and rehabilitative benefits do not state denials of any federal rights. There is no federal right to a particular course of training or a particular rehabilitative program. Carey v. Settle (C.A.8) 351 F.2d 483; Diehl v. Wainwright (C.A.5) 419 F.2d 1309; Numer v. Miller (C.A.9) 165 F. 2d 986; Vaughn v. Swenson (W.D.Mo.)

Civil Action No. 1422. The denial of privileges which plaintiff seeks to enforce in this action are all necessary conditions of maximum security status and are not deprivals of federal rights when abridged in accordance with a lawful commitment to maximum security confinement.

The claims that plaintiff is not allowed to have certain personal effects, including a razor, not only do not state any denials of federal rights, but represent a change in plaintiff's factual contentions in that he now for the first time contends that he is being denied the permanent retention of a razor in his cell when other prisoners in protective custody are being allowed the privilege of keeping a razor. But in his complaint herein, plaintiff alleged that he was permitted the use of a razor twice a week and that, unlike "other inmates in the *general prison population*," he was not permitted to retain a razor in his cell. (Emphasis added.) It is also noteworthy in this regard that plaintiff throughout the course of pleading in this case has shifted his factual contentions. In his original complaint herein, plaintiff admitted that he was being retained and had been committed to maximum security:

> "because other inmates in the aforesaid penitentiary (who are members of an inmate gang) are threatening to kill plaintiff (because of a long standing grudge) if and when plaintiff is released back into the general prison population;"

and that "defendants also have knowledge of the fact that the aforesaid inmate gang is threatening to kill plaintiff. * * *" In his traverse, however, in addition to denying that he expressed any fears about his existence in the general prison population, plaintiff specifically denied that he was "unable to socialize with other inmates." This continuous shifting of factual contentions, making it difficult for the Court to ascertain the facts upon which plaintiff relies in order to state a claim, is an abuse of the postconviction civil processes made available by this Court to plaintiff.

Plaintiff, however, contends that, even if his commitment to maximum security confinement was necessary for his personal safety, he should not be "punished" by being denied the privileges generally enjoyed by other prisoners in the general prison population. As noted above, however, the conveniences enjoyed elsewhere are necessarily withdrawn during protective custody. Further, as noted in the judgment herein and above, the withdrawal of these privileges does not constitute any denial of any federal rights. This includes denials of the opportunity to earn merit good time and merit pay which, under applicable federal standards, are not the subjects of federal rights until the good time or pay is earned. Cohen v. Ciccone (W.D.Mo.) 318 F.Supp. 831. Plaintiff speaks of the "equal right to have a razor and a mirror and a television set and radio" in his cell. But denial of such articles does not, without more, constitute the denial of a federal right.

Plaintiff's final contention is as follows:

> "The District Court erred in dismissing plaintiff's complaint on the ground that his admission of threats to his safety were sufficient, in combination with his pending felony charge, to warrant his confinement to the C–Basement Maximum Security Unit of the Missouri State Penitentiary from April, 1968 to September, 1969, in that the said felony charge was in no way related to or connected with plaintiff being confined to the aforesaid C–Basement Maximum Security Unit during the years of 1968 and 1969."

■ It is clearly stated by plaintiff, however, in his complaint and otherwise, that he was the subject of threats and that his life was in danger. Maximum

security confinement "is permissible where its object is protection of the general prison population or the personnel, protection of the prisoner himself, for disobedience of orders or for prevention of his escape." Krist v. Smith (S.D.Ga.) 309 F.Supp. 497, affirmed (C.A.5) 439 F.2d 146. Throughout the period of April 1968 to September 1969, plaintiff's life was admittedly in danger. Further, he had been sentenced for stabbing another inmate. In this respect, the finding in the judgment which reads as follows:

> "Although plaintiff denies requesting maximum security confinement for his own protection in the reviews extending from April 1968 to September 1969, his admission of the threats to his safety are sufficient, in combination with his *pending felony charge*, to warrant his confinement for that period of time" (Emphasis added.)

should be corrected to read:

> "Although plaintiff denies requesting maximum security confinement for his own protection in the reviews extending from April 1968 to September 1969, his admission of the threats to his safety are sufficient, in combination with his *conviction of a stabbing*, to warrant his confinement for that period of time." (Emphasis added.)

The correction will be made under the provisions of Rule 60(a), F.R.Civ.P., providing for the correction of clerical errors.

For the foregoing reasons, plaintiff cannot raise any substantial ground on appeal and the appeal is not taken in good faith. Plaintiff must be denied leave to appeal in forma pauperis.[1]

---

1. Plaintiff's contentions that his eyes have been injured by the lack of sunlight in maximum security confinement have never been considered to state any claim of a denial of federal rights because in his complaint and the other pleadings filed by him in this case, plaintiff does not state that this was intended as punishment but was rather a product of the negligence of defendants. Simple negligence does not state the denial of a federal right. Beishir v. Schanzmeyer (W.D. Mo.) 315 F.Supp. 519, and cases there cited.