James D. DEATON, Petitioner,

v.

S. J. BRITTON, Warden, United States Penitentiary, Leavenworth, Kansas, Respondent.

James Delmore DEATON, Petitioner,

v.

S. J. BRITTON, Warden, et al., Respondents.

Civ. A. Nos. L–2343, L–2346.

United States District Court, D. Kansas.

March 20, 1973.

James D. Deaton, pro se.

Robert J. Roth, U. S. Atty., Bruce E. Miller, Asst. U. S. Atty., Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

TEMPLAR, District Judge.

For the reasons hereinafter given, the two captioned cases will be consolidated for all purposes. In each case the petitioner was heretofore granted leave to proceed *in forma pauperis*. His applications for writs of habeas corpus were filed, and a Rule to Show Cause was issued in each case. Respondent has filed an Answer and Return in both cases, and petitioner has filed Traverses thereto. Upon examination of all the documents filed, together with the exhibits attached thereto, the Court makes the following findings and order.

It appears from the applications that Deaton is presently in the custody of the respondent, by or under color of authority of the United States, by virtue of two three-year sentences, to run consecutively, imposed upon him on January 7, 1972, by the United States District Court for the Western District of Louisiana, following his conviction by jury on two counts of concealing escaped prisoners in violation of 18 U.S.C. § 1072. He appealed to the Fifth Circuit, where his conviction was affirmed, and sentences vacated and case remanded for resentencing. United States v. Deaton, 468 F.2d 541 (5th Cir. 1972). Deaton states that he was resentenced to imprisonment for a period of three years on December 1, 1972. He is not attacking his conviction or sentences in this proceeding.

In Case No. L–2343, Deaton v. Britton, petitioner lodged with the clerk of this court an application for writ of habeas corpus. On August 4, 1972, Deaton received a disciplinary report for possession of contraband. (Respondent's Exhibit "B", L–2343). He was confined to the C-Control Unit by the Adjustment Committee pending further investigation of related incidents. On August 7, 1972, Deaton received a disciplinary report for possession of inflammatory and riotous material. (Respondent's Exhibit "C", L–2343). Petitioner was confined to the Control Unit because of this disciplinary

report, but was returned to the general prison population on August 25, 1972. (Respondent's Exhibit "M", L-2346). Petitioner contends that he was being held in "punitive segregation" by the respondent for possessing "religious materials." The court concluded, in its Memorandum and Order dated November 28, 1972, that petitioner's complaint in regard to denial of legal materials was frivolous.

In Case No. L-2346, Deaton v. Britton, petitioner lodged a motion for declaratory judgment and other relief. Deaton received a disciplinary report for loitering and attempting to contact an inmate who was appearing before the Adjustment Committee on September 25, 1972. (Respondent's Exhibit "F", L-2346). The Adjustment Committee placed petitioner on suspended Control Unit status for 90 days. Following his return to institution population, Deaton and another inmate had an alleged confrontation. They were both assigned to the Control Unit pending an investigation into a possible assault on Deaton by this inmate. Petitioner remained in the Control Unit until November 27, 1972, at which time he was transferred to the United States District Court for the Western District of Louisiana on a Writ of Habeas Corpus ad Prosequendum. Deaton was returned to the United States Penitentiary at Leavenworth on December 14, 1972, and was placed in the C-Control Unit pending further disposition by the Adjustment Committee. The gist of this complaint is that he is being unlawfully confined in segregation for his own protection. He contends that his confinement in segregation is arbitrary and discriminatory, and that he is being punished because of his religious preferences. The court treated this complaint as an application for a writ of habeas corpus.

The crux of petitioner's complaint is that he has been placed in segregation because of his religious beliefs and not for any violations of prison regulations. Respondent states that petitioner's confinements in segregation have been due to behavior warranting disciplinary action, not because of his religious beliefs.

Petitioner has alleged no facts to show that his confinement in segregation for "possession of inflammatory and riotous material" was the result of religious discrimination. He has only stated his conclusion which the respondent refutes by sworn affidavits of prison officials. (Respondent's Exhibits "J", Case No. L-2343; "M", Case No. L-2346). These affidavits state that Deaton has been confined in segregation because of violation of prison regulations. See Mason v. Wainwright, 417 F.2d 769 (5th Cir. 1969). This court takes judicial notice of Policy Statement No. L-7400-5B, "Inmate Discipline" (9-20-72), of the United States Penitentiary, Leavenworth, Kansas, which provides that "encouraging others to riot" or "conduct which disrupts or interferes with the security or orderly running of the institution" are prohibited acts within the penitentiary. (Respondent's Exhibit "K", Case No. L-2343).

■ Petitioner's contention that he is being held in segregation unlawfully, in order to protect him from another inmate who shot at him in the prison yard, is also without merit. The affidavit of Associate Warden C. J. Malley, recites that Deaton has appeared before the Adjustment Committee several times for various charges; that it was reported that an inmate had fired a shot from a zip gun at Deaton, but missed; and that petitioner is considered an extreme security risk in the institution. These statements are relevant to show that the institution is concerned with maintaining Deaton in a controlled setting for the safe management and control of the institution itself. Petitioner's situation is being periodically reviewed by the Adjustment Committee. (Respondent's Exhibits "G", "H", "I", "J", "K", Case No. L-2346).

■ The exercise of discretion by prison officials on matters purely of discipline, within their power, is not open to review. Kostal v. Tinsley, 337 F.2d

845 (10th Cir. 1964), cert. denied 380 U.S. 985, 85 S.Ct. 1354, 14 L.Ed.2d 277 (1965). Segregated confinement of inmates reasonably considered to be threats to themselves, others, or to the safety and security of the institution is lawful and does not constitute any violation of the constitutional rights of inmates so segregated. Graham v. Willingham, 384 F.2d 367 (10th Cir. 1967). If, in the judgment of prison officials, based upon their experience, expertise and reliable information, they reasonably believe that individual prisoners are inciting or provoking violence or breach of prison discipline, it is their duty to segregate such inmates from the general prison population. The segregated confinement of the petitioner was the result of the considered judgment of the respondent. The basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of those confined, lies with the Attorney General and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse or caprice upon the part of the prison officials. See Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969); Paniagua v. Moseley, 451 F.2d 228 (10th Cir. 1971). Petitioner has made no showing of abuse or caprice on the part of the respondent.

■ Petitioner's allegations that he is being held in segregation because of his religious beliefs are largely, if not wholly, conclusionary. Lorraine v. United States, 444 F.2d 1 (10th Cir. 1971). These allegations are bald conclusions unsupported by allegations of facts, and are legally insufficient and may be denied without a hearing. Martinez v. United States, 344 F.2d 325 (10th Cir. 1965).

It appears beyond doubt that petitioner can prove no set of facts in support of his claims which would entitle him to relief. Black v. Warden, 467 F.2d 202 (10th Cir. 1972). The court finds, after considering all matters presented, that the petitioner's complaint is frivolous;

that relief should be denied; and that the action should be dismissed.

It is ordered that the above-captioned cases be consolidated for all purposes and for disposition; that the action be dismissed; and that petitioner's motion for appointment of counsel be denied.