Benjamin F. **DAUGHTERY,**
Petitioner,

v.

Norman **CARLSON, Director, U. S. Bureau of Prisons, Respondent.**

Civ. No. 73–225–E.

United States District Court,
E. D. Illinois.

March 25, 1974.

Benjamin F. Daughtery, pro se.

Henry A. Schwarz, U. S. Atty., William C. Evers, Asst. U. S. Atty., East St. Louis, Ill., for respondent.

ORDER

FOREMAN, District Judge:

Before the Court is Petitioner's application for a writ of habeas corpus, seeking release from the segregated confinement at the United States Penitentiary, Marion, Illinois. The Court held a hearing in this matter in Benton, Illinois, on January 17, 1974.

Petitioner contended that he had served fifteen (15) months in punitive segregation because of his possession of a newspaper article in violation of a prison regulation. The evidence adduced at trial indicates that Daughtery is being held in administrative segregation for his own protection, rather than in punitive segregation for violation of certain prison rules. The Marion prison officials have received word of a threat placed against Daughtery's life. Apparently, an inmate at another federal penitentiary has placed a contract on Daughtery's life.

Daughtery is aware of at least the general fact that a threat has been made against his life and he nevertheless persists in his desire to be released to the prison's general population. Daughtery does not challenge the due process procedures by which he was placed in administrative segregation.

The question, thus, presented by this petition is whether prison officials may constitutionally place an inmate in administrative segregation for his own safety when he desires to be released to the general prison population.

It is well settled that prison officials have wide discretion in matters concerning prison discipline. Royal v. Clark, 447 F.2d 501 (5th Cir. 1971); United States ex rel. Walker v. Mancusi, 467 F. 2d 51 (2d Cir. 1972); Graham v. Willingham, 384 F.2d 367 (10th Cir. 1967).

Several other courts have previously held that prison officials may isolate persons in their custody when there is

evidence of a substantial nature to justify the belief that a threat to orderly prison operations exists. United States ex rel. Walker v. Mancusi, *supra*; Smith v. Swenson, 333 F.Supp. 1258 (W.D.Mo. 1971); Smoake v. Fritz, 320 F.Supp. 609 (S.D.N.Y.1970); Breece v. Swenson, 332 F.Supp. 837 (W.D.Mo.1971); Long v. Harris, 332 F.Supp. 262 (D.Kansas 1971), affirmed 473 F.2d 1387 (10th Cir. 1973).

Other courts have previously considered the issue before this Court in the instant case and concluded that an inmate may be placed in segregation for his own protection. In a recent case where the Petitioner was placed in segregation after another inmate had fired a shot at him from a zip gun, the Court held that the confinement of that Petitioner was a matter for the discretion of the prison officials and was not reviewable. Deaton v. Britton, 355 F.Supp. 597 (D.Kansas 1973).

Another District Court has concluded that prison officials are authorized to isolate persons in their custody when substantial evidence establishes a threat to the safety of the prisoner, other inmates or institution personnel, although it found that in that case the prison officials failed to prove sufficient justification for the confinement in segregation, Davis v. Lindsay, 321 F.Supp. 1134 (S.D.N.Y.1970).

Another District Court has found that where there was ample and proper reason for prison authorities to conclude that an attack or assault was likely to be perpetrated upon an inmate, the placement of that inmate in maximum security status was not a constitutional deprivation. Mason v. Brown, 362 F.Supp. 518 (E.D.Va.1973).

This court feels that the question of the placement of an inmate in segregation for his own protection is a matter for the discretion of the appropriate prison officials. A prison setting is a very volatile one and potentially capable of erupting into violence at any time. This Court feels that a prison official should be able to take reasonable steps to prevent prison riots. An assault or a murder of one inmate by another could conceivably inflame a prison population into a riotous state. The prison officials should use their experience and expertise and take such steps upon substantial evidence to prevent injury to a single inmate, the prison population, or the prison staff.

It should be noted that prison officials review the case of the Petitioner monthly pursuant to Bureau of Prison Regulations. It is their duty to utilize good faith in addition to their experience and expertise in these matters and release him from segregation when this can be done without affecting the security, safety, good order, or discipline of the institution.

Petitioner next contends that his continued confinement in segregation constitutes a violation of the Eighth Amendment's proscription against Cruel and Unusual Punishment because it is disproportionate to the offense committed.

Daughtery is confined to a segregation unit where he spends almost the entire day. He is not permitted many of the privileges accorded to inmates in the general population. There was also testimony that there are two segregation units at the Marion Penitentiary and that Daughtery is in the less restrictive of these two units, although it is not entirely clear in what respects it is less restrictive.

It is obvious that to be cruel and unusual punishment within the prohibition of the Eighth Amendment, it is first necessary that the hardship suffered be punishment. Negrich v. Hohn, 246 F.Supp. 173 (W.D.Pa.1965), affirmed 379 F.2d 213 (3rd Cir. 1967). The Court does not feel that actions taken to protect Daughtery should be construed as punishing him. The sole fact that he suffers certain deprivations should not be determinative of the issue of whether he is being punished. If an inmate had contracted a serious illness

and was confined to a hospital bed under constant medical supervision, he would suffer certain deprivations, but the actions would clearly be in his best interests and could not be considered punishment. Similarly, actions taken to segregate an inmate from the prison population for his own protection is not punishment. Nor is such action in response to any offense which the inmate committed. Similarly, it would not constitute cruel and unusual punishment.

Thus, the Court feels that the actions complained of do not provide a basis for habeas corpus relief and the application for a writ of habeas corpus is hereby denied.