Raymond GILLIARD, Francis Bloeth and
John Suggs, Plaintiffs-Appellees,

v.

Russell OSWALD, Commissioner of Correc-
tional Services, and J. Edwin LaVallee,
Superintendent of Clinton Correctional
Facility, Defendants-Appellants.

No. 532, Docket 76–2109.

United States Court of Appeals,
Second Circuit.

Argued Jan. 3, 1977.

Decided March 16, 1977.

On Rehearing En Banc

Decided June 17, 1977.

IRVING R. KAUFMAN, Chief Judge,
with whom MANSFIELD * and GURFEIN,
Circuit Judges, concur:

The future effectiveness of the overbur-
dened federal courts depends in large meas-
ure upon wise allocation of judicial energy.
Extension of the en banc rehearing proce-
dure in an era of increasingly congested
dockets is an extravagance we simply can-
not afford. F.R.A.P. 35 instructs that the
en banc mechanism is "not favored" and
strictly limits its use to cases of "extraordi-
nary importance" or to resolve a clear and
direct conflict between the decisions of dif-
ferent panels of the court. In practice en
bancs are time-consuming and cumbersome,
and only rarely produce dispositive resolu-
tion of major, recurring issues. The prolif-
eration of opinions which is not rare in an
en banc decision, usually obfuscates rather
than clarifies. Ordinarily, I do not believe
a judge should cast a vote for reconsidera-
tion by the entire court merely because he
disagrees with the result reached by the
panel. As I have indicated, Rule 35 was not
adopted to provide that luxury.

Against this background I am compelled
to state that I reluctantly concur in my
brothers's judgment to deny en banc
rehearing in the instant case. My vote is
not to be considered as agreement with the
majority opinion of the panel. Indeed, giv-
en the opportunity, I most certainly would
have affirmed Judge Port's modest and
well-supported judgment. Nevertheless,
the mandate of judicial economy counsels
restraint. Judge Moore's opinion is rooted
in the concededly unique environment that
existed at the Clinton Correctional Facility
in early 1973. He urges us to "look through
the Superintendent's eyes at what he saw,"
552 F.2d 456 at 457, and expressly limits his
decision to the context of "the actual situa-
tion which confronted the man charged
with the responsibility of the safety of some
1600 inmates," *Id.* at 458. I fully intend to
honor Judge Moore's forthright expression
of the narrow scope of the court's holding
by limiting its controlling precedential ef-
fect to identical or nearly identical circum-
stances.

I concur, therefore, in the order entered
today because this case is an island—not a
dam—in the river of this court's decisions
concerning the due process rights of prison-
ers. The fact of incarceration does not
create a Chinese Wall between an inmate
and the Constitution. We will not afford
prison administrators *carte blanche* in the
treatment of their wards. We will contin-
ue, on a case-by-case basis, to seek "mutual
accommodation between institutional needs
and objectives and the provisions of the
Constitution," *Wolff v. McDonnell,* 418 U.S.

---

* Circuit Judge Mansfield concurs in this opinion but would have voted to grant en banc rehear-
ing.

539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). In short, the principle by which this circuit will continue to be guided was laid down several years ago by us sitting en banc:

> If substantial deprivations are to be visited upon a prisoner, it is wise that such action should at least be premised on facts rationally determined. This is not a concept without meaning. In most cases it would probably be difficult to find an inquiry minimally fair and rational unless the prisoner were confronted with the accusation, informed of the evidence against him, . . . and afforded a reasonable opportunity to explain his actions.

*Sostre v. McGinnis,* 442 F.2d 178, 198 (2d Cir. 1971) (en banc), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). *See also United States ex rel. Walker v. Mancusi,* 467 F.2d 51, 53 (2d Cir. 1972).

OAKES, Circuit Judge (dissenting from the denial of rehearing en banc):

I dissent from the denial of rehearing en banc. My panel dissent sets forth the reasons for my disagreement with the majority decision: it engaged in the most open appellate fact finding, contrary to Fed.R. Civ.P. 52(a), without support in the record and contrary to the evidence and the facts found below; and it departed from our own cases, notably *Sostre v. McGinnis,* 442 F.2d 178 (2d Cir. 1971) (en banc), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972), and from the principles embodied in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). While I agree with many of the thoughts expressed in Chief Judge Kaufman's opinion "reluctantly" concurring in the denial, it seems to me that decisions like that of the majority in this case can only engender doubt about the ability of our legal system to compensate persons for official violations of constitutional rights. The unpleasant memory of the tragedy of Attica is a reminder that, in Chief Judge Coffin's words quoted in my original dissent:

> Judicial concern with procedural regularity has a direct bearing upon the maintenance of institutional order; the orderly care with which decisions are made by the prison authority is intimately related to the level of respect with which prisoners regard that authority.

*Palmigiano v. Baxter,* 487 F.2d 1280, 1283 (1st Cir. 1973), *rev'd on other grounds,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

A decision that justifies procedural irregularity on a basis that lacks foundation in law or fact seems to me to represent a sufficient step backward in an area of deep social and judicial concern to require en banc consideration. Accordingly I dissent.

TIMBERS, Circuit Judge, concurring in the denial of rehearing en banc:

I concur in the denial of rehearing en banc—but for reasons quite different from those stated in Chief Judge Kaufman's "concurring opinion".

As a member of the panel in the instant case, I concurred in Judge Moore's panel majority opinion after careful consideration of the record, briefs and oral argument. I continue to agree with Judge Moore's opinion—even more emphatically so after the active judges of this Court voted 7–2 to deny rehearing en banc. And, at least for my part, I shall accord to the panel majority opinion precisely the same precedential weight as we give to any decision of this Court.

In view of the fact that the law is constantly changing, I question the propriety of Chief Judge Kaufman's announcing that "the principle by which this circuit will continue to be guided was laid down several years ago." 557 F.2d 359–360.

I likewise disagree with the Chief Judge's advance attempt to narrow the scope of the court's panel majority holding "by limiting

its controlling precedential effect to identical or nearly identical circumstances." 557 F.2d 359. With deference, I should think each case that comes before us should be decided on its own particular facts, as Judge Moore's characteristically thoughtful panel majority opinion did in the instant case. And the precedential effect of a prior decision of this Court, in my view, should be determined by traditional considerations which are deeply rooted in our jurisprudence.