557 F.2d 359
 Raymond GILLIARD, Francis Bloeth and John Suggs, Plaintiffs-Appellees,
v.
Russell OSWALD, Commissioner of Correctional Services, and
J. Edwin LaVallee, Superintendent of Clinton
Correctional Facility, Defendants-Appellants.
 No. 532, Docket 76-2109.
 United States Court of Appeals, Second Circuit.
 Argued Jan. 3, 1977.
 Decided March 16, 1977.
On Rehearing En Banc
Decided June 17, 1977.
 
 1
 IRVING R. KAUFMAN, Chief Judge, with whom MANSFIELD* and GURFEIN, Circuit Judges, concur:
 
 
 2
 The future effectiveness of the overburdened federal courts depends in large measure upon wise allocation of judicial energy. Extension of the en banc rehearing procedure in an era of increasingly congested dockets is an extravagance we simply cannot afford. F.R.A.P. 35 instructs that the en banc mechanism is "not favored" and strictly limits its use to cases of "extraordinary importance" or to resolve a clear and direct conflict between the decisions of different panels of the court. In practice en bancs are time-consuming and cumbersome, and only rarely produce dispositive resolution of major, recurring issues. The proliferation of opinions which is not rare in an en banc decision, usually obfuscates rather than clarifies. Ordinarily, I do not believe a judge should cast a vote for reconsideration by the entire court merely because he disagrees with the result reached by the panel. As I have indicated, Rule 35 was not adopted to provide that luxury.
 
 
 3
 Against this background I am compelled to state that I reluctantly concur in my brothers's judgment to deny en banc rehearing in the instant case. My vote is not to be considered as agreement with the majority opinion of the panel. Indeed, given the opportunity, I most certainly would have affirmed Judge Port's modest and well-supported judgment. Nevertheless, the mandate of judicial economy counsels restraint. Judge Moore's opinion is rooted in the concededly unique environment that existed at the Clinton Correctional Facility in early 1973. He urges us to "look through the Superintendent's eyes at what he saw," 552 F.2d 456 at 457, and expressly limits his decision to the context of "the actual situation which confronted the man charged with the responsibility of the safety of some 1600 inmates," Id. at 458. I fully intend to honor Judge Moore's forthright expression of the narrow scope of the court's holding by limiting its controlling precedential effect to identical or nearly identical circumstances.
 
 
 4
 I concur, therefore, in the order entered today because this case is an island not a dam in the river of this court's decisions concerning the due process rights of prisoners. The fact of incarceration does not create a Chinese Wall between an inmate and the Constitution. We will not afford prison administrators carte blanche in the treatment of their wards. We will continue, on a case-by-case basis, to seek "mutual accommodation between institutional needs and objectives and the provisions of the Constitution," Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). In short, the principle by which this circuit will continue to be guided was laid down several years ago by us sitting en banc:
 
 
 5
 If substantial deprivations are to be visited upon a prisoner, it is wise that such action should at least be premised on facts rationally determined. This is not a concept without meaning. In most cases it would probably be difficult to find an inquiry minimally fair and rational unless the prisoner were confronted with the accusation, informed of the evidence against him, . . . and afforded a reasonable opportunity to explain his actions.
 
 
 6
 Sostre v. McGinnis, 442 F.2d 178, 198 (2d Cir. 1971) (en banc), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). See also United States ex rel. Walker v. Mancusi, 467 F.2d 51, 53 (2d Cir. 1972).
 
 
 7
 OAKES, Circuit Judge (dissenting from the denial of rehearing en banc):
 
 
 8
 I dissent from the denial of rehearing en banc. My panel dissent sets forth the reasons for my disagreement with the majority decision: it engaged in the most open appellate fact finding, contrary to Fed.R.Civ.P. 52(a), without support in the record and contrary to the evidence and the facts found below; and it departed from our own cases, notably Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971) (en banc), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972), and from the principles embodied in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). While I agree with many of the thoughts expressed in Chief Judge Kaufman's opinion "reluctantly" concurring in the denial, it seems to me that decisions like that of the majority in this case can only engender doubt about the ability of our legal system to compensate persons for official violations of constitutional rights. The unpleasant memory of the tragedy of Attica is a reminder that, in Chief Judge Coffin's words quoted in my original dissent:
 
 
 9
 Judicial concern with procedural regularity has a direct bearing upon the maintenance of institutional order; the orderly care with which decisions are made by the prison authority is intimately related to the level of respect with which prisoners regard that authority.
 
 
 10
 Palmigiano v. Baxter, 487 F.2d 1280, 1283 (1st Cir. 1973), rev'd on other grounds, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).
 
 
 11
 A decision that justifies procedural irregularity on a basis that lacks foundation in law or fact seems to me to represent a sufficient step backward in an area of deep social and judicial concern to require en banc consideration. Accordingly I dissent.
 
 
 12
 TIMBERS, Circuit Judge, concurring in the denial of rehearing en banc:
 
 
 13
 I concur in the denial of rehearing en banc but for reasons quite different from those stated in Chief Judge Kaufman's "concurring opinion".
 
 
 14
 As a member of the panel in the instant case, I concurred in Judge Moore's panel majority opinion after careful consideration of the record, briefs and oral argument. I continue to agree with Judge Moore's opinion even more emphatically so after the active judges of this Court voted 7-2 to deny rehearing en banc. And, at least for my part, I shall accord to the panel majority opinion precisely the same precedential weight as we give to any decision of this Court.
 
 
 15
 In view of the fact that the law is constantly changing, I question the propriety of Chief Judge Kaufman's announcing that "the principle by which this circuit will continue to be guided was laid down several years ago." 557 F.2d 359-360.
 
 
 16
 I likewise disagree with the Chief Judge's advance attempt to narrow the scope of the court's panel majority holding "by limiting its controlling precedential effect to identical or nearly identical circumstances." 557 F.2d 359. With deference, I should think each case that comes before us should be decided on its own particular facts, as Judge Moore's characteristically thoughtful panel majority opinion did in the instant case. And the precedential effect of a prior decision of this Court, in my view, should be determined by traditional considerations which are deeply rooted in our jurisprudence.
 
 
 
 *
 Circuit Judge Mansfield concurs in this opinion but would have voted to grant en banc rehearing