PER CURIAM.
Appended to this opinion is a new appellate rule designated as Florida Rule of Appellate Procedure 9.331 entitled “Determination of Causes by a District Court of Appeal En Banc.”
The Florida Appellate Structure Commission recommended that this Court adopt a new appellate rule authorizing the district courts of appeal to sit en banc to resolve intradistrict conflicts of decisions or to consider cases of exceptional importance and included a proposed rule for adoption in its report.
The Court has modified the en bane rule proposed by the Commission to limit its application to resolve intradistrict conflicts.
*993 The justification for an en banc rule was set forth by the Appellate Structure Commission in its report as follows:
The purpose of the proposed recommendation is to provide a formal procedural mechanism to permit the district courts to settle conflicts of decisions arising within the same district and to speak with one voice as a court on matters of exceptional importance.
Presently the district courts hold ad hoc conferences to discuss problems of conflicts between panels and to determine whether a panel should recede from a prior written opinion of the court. This proposal will formalize that process and provide a method for securing the input of counsel to resolve cases worthy of en banc determination. Although conflicts of decisions in casés decided by the same district court do not often arise, this recommendation will serve the dual purpose of reducing the Supreme Court’s work load and furthering the goal of making the district courts the courts of last resort in most instances.
The Commission has carefully studied a possible constitutional infirmity in the en banc rule. Article V, section 4(a), Florida Constitution, provides: “Three judges shall be necessary to a decision.” This provision might be construed to mean that district courts cannot constitutionally sit in panels larger than three judges. The Commission’s studied opinion, however, is that such a rigid construction of article V, section 4(a), is neither required, nor is it the most reasonable. A memorandum of law prepared in 1961 by Charles A. Carroll, former judge of the Third District Court of Appeal, addressed this very issue. Judge Carroll concluded that this constitutional provision sets only a minimum standard and does not prohibit en banc review by district courts of appeal. Notably, a similar construction of a federal statute was necessary to permit federal circuit courts to hear cases en banc.
We agree that an en banc rule for the district courts would be beneficial to the appellate structure of this state. To ensure the propriety and clarity of the new rule and to provide all interested parties with an opportunity to present their objections or suggestions before this rule becomes effective, we invite interested persons to submit to the Court not later than November 1, 1979, any comments concerning the rule or the commentary. Any proposal for change in the rule should contain the precise language which the proponent would have the Court add, delete, or change.
Absent any modification by the Court before January 1, 1980, this rule shall take effect at 12:01 a. m., January 1, 1980.
It is so ordered.
ENGLAND, C. J., and ADKINS, OVER-TON, SUNDBERG and ALDERMAN, JJ., concur.
BOYD, J., dissents with an opinion.
APPENDIX
RULE 9.331
DETERMINATION OF CAUSES BY A DISTRICT COURT OF APPEAL EN BANC
(a) EN BANC MATTERS: GENERALLY. A majority of a district court of appeal may order that an appeal or other proceeding pending before the court be heard or reheard en banc. A district court of appeal en banc shall consist of the judges in regular active service on such court. En banc hearings and rehearings are not favored and ordinarily will not be ordered except when such consideration is necessary to maintain uniformity in the court’s decisions.
(b) HEARINGS EN BANC: A hearing en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing, and a motion seeking such a hearing will be stricken.
(c) REHEARINGS EN BANC. A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of. a party. Within the time prescribed by Rule 9.330 and in conjunction *994 with the motion for rehearing, a party may move for an en banc rehearing solely on the ground that such consideration is necessary to maintain uniformity in the court’s decisions; a motion based on any other ground will be stricken. A vote will not be taken on such motion unless requested by a judge on the panel which heard the cause, or by any judge in regular active service on the court; provided, that nonpanel judges are under no obligation to consider such motion unless a vote is requested.
(1) REQUIRED STATEMENT FOR REHEARING EN BANC. A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is fully discharged without filing a motion for rehearing en banc unless the criterion set forth above is clearly met. In such instance, the above motion when filed by counsel shall contain the following statement:
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court: (citing specifically the case or cases).
/s/_
(2) FORMAL ORDER ON REHEARING EN BANC. An order on a motion for rehearing en banc will not be entered unless a rehearing en banc is granted and shall be deemed denied upon the denial of rehearing. Such order may limit the issues to be reheard, require the filing of additional briefs, or set the cause down for additional argument.
COMMENTARY:
This rule is patterned after the en banc rule of the United States Court of Appeals for the Fifth Circuit and should be used sparingly.
Subsection (a) provides that a majority vote of a district court is necessary to set a case for hearing or rehearing en banc. All judges in regular active service, not excluded for cause, will constitute the en banc panel. Counsel are reminded that en banc proceedings are extraordinary and will be ordered only in the enumerated circumstance. The ground, maintenance of uniformity in the court’s decisions, is the equivalent of decisional conflict as developed by Supreme Court precedent in the exercise of its conflict certiorari jurisdiction. The district courts are free, however, to develop their own concept of decisional uniformity.
Subsection (b) provides that hearings en banc may not be sought by the litigants; such hearings may be ordered only by the district court sua sponte.
Subsection (c) governs rehearings en banc. A litigant may apply for an en banc rehearing only on the ground that an in-tradistrict conflict of decisions exists. Once a timely motion for rehearing en banc is filed, the three judges on the initial panel must consider the motion. A vote of the entire court may be initiated by any single judge on the panel. Any other judge on the court may also trigger a vote by the entire court, but nonpanel judges are not required to review petitions for rehearing en banc until a vote is requested by another judge. The court may on its own motion order a rehearing en banc.
Subsection (c)(1) requires a signed statement of counsel certifying a bona fide belief that an en banc hearing is necessary to ensure decisional harmony within the district.
Subsection (c)(2) is intended to prevent baseless motions for en banc rehearings from absorbing excessive judicial time and labor. The district courts will not enter orders denying motions for en banc rehearings. If a rehearing en banc is granted the court may order briefs from the parties and set the case for oral argument.