377 So.2d 700 (1979)
In re RULE 9.331, DETERMINATION OF CAUSES BY A DISTRICT COURT OF APPEAL EN BANC, FLORIDA RULES OF APPELLATE PROCEDURE.
No. 50409-A.
Supreme Court of Florida.
December 6, 1979.

CLARIFYING OPINION
PER CURIAM.
In our opinion of In Re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 374 So.2d 992 (Fla. 1979), we initially adopted this rule and afforded all interested parties an opportunity to present their objections or suggestions to the Court not later than November 1, 1979. We have modified the rule in accordance with some of the suggestions received by the Court. The rule as modified and appended to this opinion shall take effect at 12:01 a.m., January 1, 1980.
In light of the adoption of SJR 20-C and SB 21-C by the Florida Legislature on November 28, 1979, jurisdiction of this proceeding is retained to consider further amendments to Rule 9.331 as may now be appropriate to permit en banc proceedings for matters other than intradistrict conflict. All interested parties are invited to submit proposed additions to the rule not later than 5:00 p.m. on February 1, 1980.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., dissents.

RULE 9.331

DETERMINATION OF CAUSES IN A DISTRICT COURT OF APPEAL EN BANC
(a) EN BANC PROCEEDINGS: GENERALLY. A majority of the judges of a district court of appeal may order a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearings shall not be ordered unless necessary to maintain uniformity in the court's decisions.
(b) HEARINGS EN BANC. A hearing en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing. A motion seeking the hearing shall be stricken.
(c) REHEARINGS EN BANC.
*701 (1) Generally. A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by Rule 9.330 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing solely on the ground that such consideration is necessary to maintain uniformity in the court's decisions. A motion based on any other ground shall be stricken. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.
(2) Required Statement for Rehearing En Banc. A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is discharged without filing a motion for rehearing en banc unless the ground set forth in (1) is clearly met. When filed by an attorney, the motion shall contain the following statement:
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court: (citing specifically the case or cases).
 /s/ ______________________
(3) Formal Order on Motion for Rehearing En Banc. An order on a motion for rehearing en banc shall be deemed denied upon a denial of rehearing or a grant of rehearing without en banc consideration. If rehearing en banc is granted, the court may limit the issues to be reheard, require the filing of additional briefs, and may require additional argument.

COMMENTARY:
This rule is patterned after the en banc rule of the United States Court of Appeals for the Fifth Circuit and should be used sparingly.
Subsection (a) provides that a majority vote of a district court is necessary to set a case for rehearing or rehearing en banc. All judges in regular active service, not excluded for cause, will constitute the en banc panel Counsel are reminded that en banc proceedings are extraordinary and will be ordered only in the enumerated circumstances. The ground, maintenance of uniformity in the court's decisions, is the equivalent of decisional conflict as developed by Supreme Court precedent in the exercise of its conflict certiorari jurisdiction. The district courts are free, however, to develop their own concept of decisional uniformity.
Subsection (b) provides that hearings en banc may not be sought by the litigants; such hearings may be ordered only by the district court sua sponte.
Subsection (c)(1) governs rehearings en banc. A litigant may apply for an en banc rehearing only on the ground that an intradistrict conflict of decisions exists. Once a timely motion for rehearing en banc is filed, the three judges on the initial panel must consider the motion. A vote of the entire court may be initiated by any single judge on the panel. Any other judge on the court may also trigger a vote by the entire court. Nonpanel judges are not required to review petitions for rehearing en banc until a vote is requested by another judge, although all petitions for rehearing en banc should be circulated to nonpanel judges. The court may on its own motion order a rehearing en banc.
Subsection (c)(2) requires a signed statement of counsel certifying a bona fide belief that an en banc hearing is necessary to ensure decisional harmony within the district.
Subsection (c)(3) is intended to prevent baseless motions for en banc rehearings from absorbing excessive judicial time and labor. The district courts will not enter orders denying motions for en banc rehearings. If a rehearing en banc is granted, the court may order briefs from the parties and set the case for oral argument.