BOYD, Justice,
dissenting.
I dissented from the promulgation of this new rule of appellate procedures when it was first announced on September 20,1979. In Re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 374 So.2d 992, 994 (Fla.1979) (Boyd, J., dissenting). Now that this rulemaking proceeding is being closed, I feel compelled to reiterate my objections and to offer some further observations in light of the recent amendments to article V, section 3(b), Florida Constitution.
As modified and adopted on December 6, 1979, In Re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 377 So.2d 700 (Fla.1979), the new rule provides that any proceeding pending before a district court may be determined en banc if a majority of the judges so order. “En banc hearings and rehearings shall not be ordered unless necessary to maintain uniformity in the court’s decisions.” The rule provides that after a determination is made and a decision issued in a pending case, the court may on its own motion or on motion of a party order the cause to be considered again by the court en banc. A party may move for such only on the ground that it is necessary to maintain uniformity in the court’s decisions. Any judge on the court may request a vote on the motion and if so requested a vote will be taken.
In my earlier dissent I pointed out that article V, section 4(a), provides:
There shall be a district court of appeal serving each appellate district. Each district court of appeal shall consist of at least three judges. Three judges shall consider each case and the concurrence of two shall be necessary to a decision.
This provision should be read in conjunction with section 1 of the judiciary article, which empowers the legislature to create appellate districts by general law. When an appellate district is created by the legislature, section 4(a) requires that the court of appeal serving that district consist of “at least” three judges. This language allows for the district courts to consist of more than three judges, and as we know, each of them now has well in excess of three. But the “at least” language is not repeated in the final sentence of the subsection which provides: “Three judges shall consider each case and the concurrence of two shall be necessary to a decision.” My conclusion upon analyzing this language is the same as it was last September when I said: “Because the constitution specifically provides that three judges shall consider each case heard by the district courts, a different procedure cannot be authorized by the promulgation of a court rule.” 374 So.2d at 995.
I found a further constitutional infirmity in the rationale given for the rule, that it would allow for the harmonizing of decisions in conflict within the several district courts of appeal. I pointed out that deci-sional conflict among cases decided by a single district court of appeal had, since January 1, 1973, given rise to certiorari jurisdiction in the supreme court. I concluded that, by virtue of the 1972 constitutional amendment, “the power to harmonize conflicts, even from within a single district, was placed squarely with the supreme court.” 374 So.2d at 995.
Now that the people have again amended article V, section 3(b), conflict of decisions *1237 within a single district no longer vests jurisdiction in the supreme court. It might be suggested that the recent constitutional amendment has removed the jurisdictional bar to the resolution of intradistrict conflicts by the district courts themselves. The people, however, have amended only section 3 of the judiciary article and have not changed a word of section 4.
Rule 9.331 allows the losing party in a district court of appeal decision to petition to have the case reconsidered by all the judges in regular active service on the court. Any judge on the court may require a vote to be taken on the request for a rehearing en banc. This rule in effect provides for a second appeal to a court different from the panel originally considering the case. The panel of three that considers each case is constitutionally recognized by section 4(a). The en banc panel that can overrule that decision is a separate appellate tribunal not provided for by the constitution. This court does not have the authority to create new courts. Art. V, § 1, Fla. Const. The decisions of the new appellate tribunals the rule purports to create will not have the force of law because one of a litigant’s most essential due process rights is to have his cause decided by a legally constituted court.
It is a matter of public record that from the beginning I have strongly opposed the en banc rule for the reasons stated in this dissenting opinion. I expressed that objection before the 1980 election adopting an amendment to article V, section 3 of the Florida Constitution, narrowing the jurisdiction of the Supreme Court of Florida. Although certain other persons have expressed the view that the en banc rule would serve to eliminate conflicts within each district court of appeal, it has always been my view that, regardless of what good might come from the rule, it simply conflicts with the language of the Florida Constitution. I strongly supported the 1980 revision to article V, section 3, and I did not consider that my support of the amendment could be construed in any way as favoring the en banc rule.
I would withdraw this rule and take the appropriate steps toward having it submitted to the voters as a constitutional amendment.