HUBBART, Chief Judge
(dissenting).
I join in Judge Nesbitt’s dissenting opinion in this case. I, too, would vacate the order setting this cause for rehearing en banc for lack of any intradistrict conflict of decisions within this district — the necessary predicate for authorizing an en banc district court of appeal hearing under Fla.R.App. 9.331 — and would reinstate the panel decision herein. I write separately, however, to point out that the entire thrust behind the adoption of Fla.R.App.P. 9.331 was to restrict en banc review by a district court of appeal solely to cases of intradistrict conflict of decisions. A review of this rule’s history seems particularly appropriate in this case in view of the plurality’s adoption herein of a standard for en banc review which does not require, by its terms, a showing of intradistrict conflict of decisions.
I
On August 15, 1978, then Chief Justice Arthur J. England, Jr. of the Florida Supreme Court entered an administrative order creating a Commission on the Florida Appellate Court Structure to be chaired by Mr. Justice Ben F. Overton of the Florida Supreme Court. Appointed to the Commission was a cross-section of the bench, bar and lay community in this state. The assigned task of the Commission was to conduct a thorough review of Florida’s appellate court system and to make appropriate recommendations for change, if such were necessary. A subcommittee of this Commission, in turn, was subsequently formed by Mr. Justice Overton to look into the possibility of proposing an en banc rule of appellate procedure for district courts of appeal. This subcommittee, in turn, studied the problem at great length and went through innumerable drafts for a proposed en banc rule.
A
After extensive discussion and consideration of this subject, the Commission finally recommended in its March 13, 1979 report to Chief Justice England the following:
“RECOMMENDATION NO. 2:
The Commission recommends the adoption of a new appellate rule authorizing the district courts of appeal to sit en banc to resolve intradistrict conflicts of decisions or to consider cases of exceptional importance.
JUSTIFICATION:
The purpose of the proposed recommendation is to provide a formal procedural mechanism to permit the district courts to settle conflicts of decisions arising within the same district and to speak with one voice as a court on matters of exceptional importance.
Presently, the district courts hold ad hoc conferences to discuss problems of conflicts between panels and to determine whether a panel should recede from a prior written opinion of the court. This proposal will formalize that process and provide a method for securing the input of counsel to resolve cases worthy of en banc determination. Although conflicts of decisions in cases decided by the same district court do not often arise, this recommendation will serve the dual purpose of reducing the Supreme Court’s work load and furthering the goal of making the district courts the courts of last resort in most instances.
The Commission has carefully studied a possible constitutional infirmity in the en banc rule. Article V, section 4(a), Florida Constitution, provides: ‘Three judges shall be necessary to a decision.’ This provision might be construed to mean that district courts cannot constitutionally sit in panels larger than three judges. The Commission’s studied opinion, however, is that such a rigid construction of Article V, section 4(a) is neither required, nor is it the most reasonable. A memorandum of law prepared in 1961 by Charles A. Carroll, former judge of the Third District Court of Appeal, addressed this very issue. Judge Carroll concluded that this constitutional provision sets only a minimum standard and does not prohibit en banc review by district courts of appeal. Notably, a similar construction *918 of a federal statute was necessary to permit federal circuit courts to hear cases en banc. The Commission adopts Judge Carroll’s well-reasoned memorandum and incorporates it as part of this recommendation. [Appendix B omitted].
IMPLEMENTATION:
The Commission recommends adoption of the following appellate rule:
Rule 9.331
DETERMINATION OF CAUSES BY A DISTRICT COURT OF APPEAL EN BANC
(a) EN BANC MATTERS: GENERALLY. A majority of a district court of appeal may order that an appeal or other proceeding pending before the court be heard or reheard en banc. A district court of appeal en banc shall consist of the judges in regular active service on such court. En banc hearings and rehearings are not favored and ordinarily will not be ordered except (1) when such consideration is necessary to maintain uniformity in the court’s decisions, or (2) when the proceeding involves a question of exceptional importance.
(b) HEARINGS EN BANC. A hearing. en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing, and a motion seeking such a hearing will be stricken.
(c) REHEARING EN BANC. A rehearing may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by Rule 9.330 for filing a motion for rehearing, a party may move for an en banc rehearing solely on the ground that such consideration is necessary to maintain uniformity in the court’s decisions; a motion based on any other ground will be stricken. A vote will not be taken on such motion unless requested by a judge on the panel which heard the cause, or by any judge in regular active service on the court; provided, that non-panel judges are under no obligation to consider such motion unless a vote is requested.
(1) REQUIRED STATEMENT FOR REHEARING EN BANC. A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is fully discharged without filing a motion for rehearing en banc unless the criterion set forth above is clearly met. In such instance, the above motion when filed by counsel shall contain the following statement:
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court: (citing specifically the case or cases).
/s/ _
(2) FORMAL ORDER ON REHEARING EN BANC. An order on a motion for rehearing en banc will not be entered unless a rehearing en banc is granted. Such order may limit the issues to be reheard, require the filing of additional briefs, or set the cause down for additional argument.” [emphasis added]. Id. at 2-1 — 2-4.
B
The Florida Supreme Court subsequently conducted a full hearing on the above en banc rule recommendation — along with the entire Commission report. Careful and thorough consideration was thereafter given to all the Commission’s recommendations.
1
On April 2, 1979, Chief Justice Arthur J. England, Jr. made a formal report to the Florida Legislature which stated, in part, as follows:
“(4) En Banc hearings in district courts; three judge circüit court panels. The Court has approved the commission’s coordinate recommendations concerning appellate procedures in the circuit and district courts, and following favorable legislative action on the other proposals in this report the Court will initiate rule- *919 making proceedings to provide the district courts with en banc hearing authority (modified, however, to delete authorization for en banc hearings on matters other than intra-district conflicts) and to authorize circuit court judges to sit in panels of three to hear appeals from county courts. The justifications for these rule changes are adequately set forth in the commission’s report.” [emphasis added]. Id. at 21.
2
On September 20, 1979, the Florida Supreme Court issued the following opinion:
“Appended to this opinion is a new appellate rule designated as Florida Rule of Appellate Procedure 9.331 entitled ‘Determination of Causes by a District Court of Appeal En Banc.’
The Florida Appellate Structure Commission recommended that this Court adopt a new appellate rule authorizing the district courts of appeal to sit en banc to resolve intradistrict conflicts of decisions or to consider cases of exceptional importance and included a proposed rule for adoption in its report.

The Court has modified the en banc rule proposed by the Commission to limit its application to resolve intradistrict conflicts.

The justification for an en banc rule was set forth by the Appellate Structure Commission in its report as follows:
‘The purpose of the proposed recommendation is to provide a formal procedural mechanism to permit the district courts to settle conflicts of decisions arising within the same district and to speak with one voice as a court on matters of exceptional importance.’ ” [emphasis added]. In re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 374 So.2d 992-93 (Fla.1979).
The rule appended to the decision is almost verbatim what is now Fla.R.App.P. 9.331. This rule, in turn, was modified by the Court on December 6, 1979, to its present form as it exists today. The Court stated in its opinion as follows:
“In our opinion of In Re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 374 So.2d 992 (Fla.1979), we initially adopted this rule and afforded all interested parties an opportunity to present their objections or suggestions to the Court not later than November 1, 1979. We have modified the rule in accordance with some of the suggestions received by the Court. The rule as modified and appended to this opinion shall take effect at 12:01 a.m., January 1, 1980.
In light of the adoption of SJR 20-C and SB 21-C by the Florida Legislature on November 28,1979, jurisdiction of this proceeding is retained to consider further amendments to Rule 9.331 as may now be appropriate to permit en banc proceedings for matters other than intradistrict conñict.” [emphasis added]. In re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 377 So.2d 700 (Fla.1979).
The present Fla.R.App.P. 9.331, as finally adopted, provides as follows:
“RULE 9.331. DETERMINATION OF CAUSES IN A DISTRICT COURT OF APPEAL EN BANC
(a) EN BANC PROCEEDINGS: GENERALLY. A majority of the judges of a district court of appeal may order a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearings shall not be ordered unless necessary to maintain uniformity in the court’s decisions.
(b) HEARINGS EN BANC. A hearing en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing. A motion seeking the hearing shall be stricken.
*920 (c) REHEARINGS EN BANC.
(1) Generally. A rehearing en bane may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by Rule 9.330 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing solely on the ground that such consideration is necessary to maintain uniformity in the court’s decisions. A motion based on any other ground shall be stricken. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.
(2) Required Statement for Rehearing En Banc. A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is discharged without filing a motion for rehearing en banc unless the ground set forth in (1) is clearly met. When filed by an attorney, the motion shall contain the following statement:
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court: (citing specifically the case or cases).
/s/ _
(3) Formal Order on Motion for Rehearing En Banc. An order on a motion for rehearing en banc shall be deemed denied upon a denial of rehearing or a grant of rehearing without en banc consideration. If rehearing en banc is granted, the court may limit the issues to be reheard, require the filing of additional briefs, and may require additional argument.” [emphasis added].
The commentary to the rule specifically states, in part, as follows:
“The ground, maintenance of uniformity in the court’s decisions, is the equivalent of decisional conflict as developed by Su-
preme Court precedent in the exercise of its conflict certiorari jurisdiction. The district courts are free, however, to develop their own concept of decisional uniformity.” In Re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 374 So.2d at 994.
Finally, on June 30, 1982, the Florida Supreme Court, in response to a petition filed by the Florida Conference of District Court of Appeal Judges, issued an opinion modifying Fla.R.App.P. 9.331, effective October 1, 1982, by adding the following underlined language to Fla.R.App.P. 9.331(a):
“(a) En Banc Proceedings: Generally. A majority of the judges of a district court of appeal participating may order a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearings shall not be ordered unless necessary to maintain uniformity in the court’s decisions. The en banc decision shall be bv a majority of the active judges actually participating and voting on the case. In the event of a tie vote, the panel decision of the district court shall stand as the decision of the court. If there is no panel decision, a tie vote will affirm the trial court decision.”
The Court in its opinion recounted the history of the development of Fla.R.App.P. 9.331 and emphasized, once again, that the central purpose of the en banc rule was to allow district courts of appeal to resolve intra-district conflict of decisions. Indeed, the Court pointed out that the rule was intended to supplant the Florida Supreme Court’s former constitutional jurisdiction to review intradistrict conflict of decisions within a district court of appeal. See Art. V, § 3(b)(3), Fla.Const. (1979). That jurisdiction has since been deleted by constitutional amendment, see Art. V, § 3(b)(3), Fla. Const. (1981), and the en banc rule was part and parcel of that constitutional change. The Court stated in its opinion as follows:
*921 “First and foremost, we must emphasize that a direct and important interrelationship exists between the en banc rule and the new constitutional amendment which limits Supreme Court jurisdiction. See art. V, § 3, Fla. Const. The amendment substantially strengthened the position of the district courts of appeal as final appellate courts. The en banc rule is an essential part of the philosophy of the constitutional scheme embodied in the new amendment because the Supreme Court no longer has jurisdiction under the amendment to review intra-district conflict.
The appellate structure commission, which this Court established to study the efficiency of Florida appellate structure, recommended that intra-district conflict be resolved by the district courts of appeal sitting en banc, rather than by this Court. The commission also recommended that such an en banc procedure be implemented by court rule. In its study, [footnote deleted] the commission considered any possible constitutional infirmity of such a rule and concluded that no constitutional impediment existed. The commission also noted that the federal courts had given a similar construction and interpretation to almost identical language in the congressional act which established the United States Circuit Courts of Appeals and the resulting authority for each circuit to proceed en banc, [footnote deleted].
This Court agreed with the commission and concluded that an en banc rule as part of Florida’s appellate structural scheme was appropriate and constitutional, particularly under the philosophy that the district courts should, to the extent possible, be final appellate courts. See In Re Rule 9.831, Determination by a District Court of Appeal En Banc, 374 So.2d 992, modified, 377 So.2d 700 (Fla.1979). Justice Boyd disagreed with the majority and expressed his dissent on constitutional grounds. Id. at 994-95 (Boyd, J., dissenting). The constitutional amendment was thereafter presented to the legislature and, in turn, to the electorate of the state with the understanding that the district courts of appeal could sit en banc to resolve intradistrict conflict. In fact, under the new amendment, if intra-dis-trict conflict is not resolved within the district courts by en banc decision, totally inconsistent decisions could be left standing and litigants left in doubt as to the staté of law. The new appellate structural scheme, including the en banc process, was intended to solve that problem and to provide litigants with a clear statement of the law within any given district.” [emphasis added]. In Re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 416 So.2d 1127, (Fla. 1982).
A recital of the above rule history demonstrates, I think, beyond any hope of successful contradiction, that the entire thrust, purpose and intent behind Fla.R.App.P. 9.331, as adopted, was to authorize en banc review in only one restricted class of cases, to wit: where there exists an intra-district conflict of decisions. Indeed, the Court specifically eliminated an additional ground for en banc review, which had been recommended by the Commission, namely, where the decision involved a question of exceptional importance. Moreover, the rule was intended to supplant the former constitutional jurisdiction of'the Florida Supreme Court to review intra-district conflict of decisions within a district court of appeal. It is, therefore, clear that district court en banc review is limited entirely to intra-dis-trict conflict of decisions.
It is true that Fla.R.App.P. 9.331(a) provides that “[e]n banc hearings and rehearings shall not be ordered unless necessary to maintain uniformity in the court’s decisions,” but it is plain from the above rule history that such a maintenance of uniformity in court decisions is only called for in the event of an intra-district conflict of decisions. Indeed, there was never even a whisper of a contrary idea during any of the proceedings, as above detailed, which led to the rule.
*922 II
Today’s plurality opinion, however, departs from the letter and intent of Fla.R. App.P. 9.331, by announcing that en banc district court of appeal review lies “whenever it appears that [decisions within the district] are so inconsistent and disharmonious that they would not have been rendered by the same panel of the court,” [912 n. 1], a test that the plurality takes pains to point out is not the same as an intra-district conflict of decisions. Plainly and simply, this is a subjective test, difficult at best to grasp or enforce, which requires us to speculate whether the same panel would have rendered the same two decisions under consideration. As Judge Nesbitt quite properly points out, such a test is by nature vague and ambiguous, does not require intra-dis-trict conflict of decisions as a prerequisite to en banc review, and invites, if not supports, second appeals from a panel decision which is thought erroneous on the merits by the full court. This is contrary to the entire purpose behind the adoption of Fla.R. App.P. 9.331; it is also contrary to our recent decision in Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982) (en banc), which adopts the intra-district conflict of decisions test as the sole basis of invoking en banc review in a district court of appeal under Fla.R.App.P. 9.331.
For the above additional reasons, then, I think, Judge Nesbitt’s dissent in this cause is eminently correct. The order setting this cause for rehearing en banc should be vacated and the panel decision herein reinstated.
BASKIN, J., concurs.