ERVIN, J.,
concurring and dissenting.
On the merits, I concur with and dissent from the majority’s opinion for the same reasons expressed by Chief Judge Kahn in his separate opinion. This opinion addresses only the issue of the court’s en banc review of the instant case. In my judgment, before reaching its decision on the merits, the majority was first required by Florida Rule of Appellate Procedure 9.331 to hurdle the substantial en banc obstacle demanding that the case be either one of maintaining uniformity in the court’s decisions, or of exceptional importance. Because the reason for the court’s exercise of such jurisdiction is not explicitly stated by the majority, and its opinion fails to inform the reader of any decisional conflict in the court’s decisions, I can only *112 conclude the majority deems this case worthy of en banc consideration on the ground of exceptional importance. If this is in fact the basis for its review, I strongly dissent. The majority’s opinion makes no attempt whatsoever to explain why, in an appeal in which it acknowledges our review standard over a trial court’s ruling to exclude or admit evidence is abuse of discretion, the application of the balancing test somehow transforms this highly specific fact-based case into one worthy of en banc consideration. In my judgment, rule 9.331 was simply not designed for such purpose.
Since the inception of the district courts of appeal in 1957, cases have been routinely decided by three-judge panels. Art. V, § 4(a), Fla. Const. In 1980, the district courts were first conferred authority by Florida Rule of Appellate Procedure 9.331 to proceed en banc on the ground of the maintenance of uniformity in the court’s decisions, In re: Fla. Rules of Appellate Procedure, 374 So.2d 992 (Fla.1979), and, in 1985, they were given the power of en banc review on the basis of exceptional importance. The Fla. Bar re: Rules of Appellate Procedure, 463 So.2d 1114 (Fla. 1984). Because the constitutional provision places decision-making authority in three-judge panels, I consider it reasonably clear that the supreme court intended that full-court review should be scrupulously limited to the two narrow classes of cases specified in the rule.
Based on my review, it appears that a district court of appeal’s right to consider a case en banc must be considered a jurisdictional power, notwithstanding that its authority in such respect is derived solely from the rule, and despite the well recognized principle that a court’s subject-matter jurisdiction is given it by substantive law, i.e., by either the Florida Constitution or by statute. Paulucci v. Gen. Dynamics Corp., 842 So.2d 797 (Fla.2003); Chase Bank of Texas Nat’l Ass’n v. Dep’t of Ins., 860 So.2d 472 (Fla. 1st DCA 2003). Despite the absence of any statutory or constitutional provision creating in the district courts the power to proceed en banc, I regard the appellate courts’ authority to so act as a substantive power, and, as such, part of their subject-matter jurisdiction.
My conclusion is evident from a reading of the language of the rule itself, which includes both substantive and procedural elements. It is procedural because it prescribes the method by which the substantive right of conducting an en banc proceeding may be enforced. See In re: Fla. Rules of Criminal Procedure, 272 So.2d 65 (Fla.1972) (Adkins, J., concurring). It is substantive because it confers on the district courts sitting en banc the power to decide two narrowly limited classes of cases. The supreme court has explained the distinction between substance and procedure in the following terms:
Substantive law prescribes the duties and rights under our system of government. The responsibility to make substantive law is in the legislature within the limits of the state and federal constitutions. Procedural law concerns the means and method to apply and enforce those duties and rights. Procedural rules concerning the judicial branch are the responsibility of this Court, subject to repeal by the legislature in accordance with our constitutional provisions.
Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975).
Power has traditionally been understood as a characteristic of jurisdiction, which is defined as “a court’s power to decide a case or issue a decree,” or “the power of a[n appellate] court to review and revise a lower court’s decision.” Black’s Law Dictionary 867, 868 (8th ed.2004). In fact, a number of opinions of the district courts of appeal describe the invocation of the en *113 banc process as one of “en banc jurisdiction.” See Wright v. Wright, 509 So.2d 329, 330 (Fla. 3d DCA 1987) (on reh’g en banc); State v. Navarro, 464 So.2d 137 (Fla. 3d DCA 1984). Indeed, the Florida Supreme Court has itself intimated that the exercise of a district court’s authority to proceed en banc is jurisdictional. In Chase Federal Savings & Loan Association v. Schreiber, 479 So.2d 90, 93 (Fla. 1985), the court noted the United States Supreme Court had held in Western Pacific Railroad Corp. v. Western Pacific Railroad Co., 345 U.S. 247, 73 S.Ct. 656, 97 L.Ed. 986 (1953), that the en banc process was an expression of the court’s power rather than a party’s right.
A final reason why an appellate court’s authority to proceed en banc must be considered jurisdictional is evident from an examination of the characteristics of such authority. The two classes of cases necessary for a district court’s invocation of the en banc process correspond roughly with two of the groups of cases expressly placed under the supreme court’s jurisdictional powers of review: Decisions of the district courts of appeal that certify questions of great public importance, and those certified as being in direct conflict with decisions of other district courts. Art. V, § 3(b)(4), Fla. Const.
Thus, notwithstanding the lack of any language in rule 9.331 expressly referring to a district court’s jurisdiction to conduct en banc proceedings, I believe it is abundantly clear that the rule’s delegation of authority of the two specified categories of cases to the district courts of appeal must be deemed primarily a jurisdictional grant of power.[4]
I now turn to the heart of this dissent, pertaining to the invocation of en banc jurisdiction in the present case by a majority of the members of this court on what appears to be the ground of exceptional importance, which, I maintain, simply does not exist. Unfortunately, rule 9.331 does not provide any definition of the term “exceptional importance.” Nevertheless, I assume, just as the district courts of appeal are free to adopt their own concept of decisional uniformity, ' see Committee Notes to Rule 9.331, they are similarly free to develop their own definition of exceptional importance. Despite, however, the addition of the exceptional importance standard to the rule more than 20 years ago, this court has never established any criteria for the exercise of its en banc jurisdiction on such ground, notwithstanding that we have proceeded en banc on such basis no fewer than five occasions. See Brooks v. State, 816 So.2d 199 (Fla. 1st DCA 2002) (entitlement of defendant to belated appeal); Morris v. State, 789 So.2d 1032 (Fla. 1st DCA 2001) (sufficiency of verbal conduct to support conviction for lewd and lascivious act); In Interest of D.J.S., 563 So.2d 655 (Fla. 1st DCA 1990) (clear and convincing evidence supporting order terminating parental rights); State v. Diamond, 553 So.2d 1185 (Fla. 1st DCA 1988) (propriety of trial court order directing child sexual battery witnesses to sub *114 mit to physical examination); Marr v. State, 470 So.2d 703 (Fla. 1st DCA 1985) (on reh’g en banc) (giving of requested jury instruction that the testimony of the prosecutrix in a case involving sexual battery be rigidly scrutinized). I do not mean to imply that the issues in the above cases did not necessarily fall within the category of exceptional importance, only that the court’s opinions failed to explain why the particular appeal was deserving of such extraordinary treatment, with the result that the reader was required to examine the facts and issues in each case — as in the instant ease — to determine how the full court arrived at its decision to proceed en banc.
Criteria for deciding whether a particular case is worthy of en banc consideration on such ground do, however, exist. The two expressed bases in rule 9.331 authorizing a district court to review a case en banc also appear in Federal Rule of Appellate Procedure 35. We have been advised that the rule was initially patterned after the en banc rule of the United States Court of Appeals for the Fifth and Eleventh Circuits. See Comm. Note to Fla. R.App. P. 9.331, Comm. N. to 1982 Amends. It has long been recognized that if a state rule is modeled on the language of its federal counterpart, the rule will take the same construction in Florida courts as its prototype has been given, insofar as such construction comports with the spirit and policy of the Florida law relating to the same subject. Pasco County Sch. Bd. v. Fla. Pub. Employees Relations Comm’n, 353 So.2d 108, 116 (Fla. 1st DCA 1977). In the federal sector, the following guidelines have been established:
The federal cases instruct that only the “truly extraordinary cases” merit en banc treatment, Boraas v. Village of Belle Terre, 476 F.2d 806, 829 (2d Cir. 1973) (statement of Mansfield, J.). Such eases involve “issue[s] likely to affect many other cases” — issues of real significance to the legal process as well as to the litigants. Walters v. Moore-McCormack Lines, Inc., 312 F.2d 893, 894 (2d Cir.1963) (statement of Lumbard, C.J.) (emphasis supplied). See also Gilliard v. Oswald, 557 F.2d 359 (2d Cir.1977) (statement of Kaufman, C.J.); United States v. Rosciano, 499 F.2d 173, 174 (7th Cir.1974) (en banc). Moreover, rule 35 may not be used “ ‘merely’ to correct individual injustices or mistakes”. Galella v. Onassis, 487 F.2d 986, 1005 (dissenting opinion), quoting Eisen v. Carlisle & Jacquelin, 479 F.2d 1005, 1021-1022 (2d Cir.1973) (dissenting opinion).
Marr v. State, 470 So.2d 703, 716 (Fla. 1st DCA 1985) (on reh’g en banc) (Ervin, J., dissenting).
It is readily clear from a reading of the majority’s opinion that the arguments on the merits in the instant case can hardly be said to comport with any of the criteria that have developed in the federal courts system. The highly specific facts in the case at bar, relating to the issue of the lower court’s exclusion from evidence the state’s attempted notice of revocation of witness Junior’s plea bargain agreement, is obviously not a question likely to affect many other cases. Moreover, if the issue turns on whether the lower court’s ruling, if error, was only harmless, as Judge Thomas posits in his concurring opinion, I strongly question that such issue falls into the category of exceptional importance requiring the attention of all members of the court to correct what the majority deems to be a mistake in the panel’s decision. If disagreement by non-panel members with a panel’s decision that refused to apply harmless error is an appropriate criterion for deciding whether an individual case should be considered suitable for en banc consideration on the ground of exceptional *115 importance, I could conceive of countless numbers of this court’s cases that would be fair game for such review.[5]
The following statement by Chief Judge Kaufman in Gilliard v. Oswald, 557 F.2d 359 (2d Cir.1977), is as applicable to Florida’s appellate courts as it was and remains applicable to the federal judiciary:
The future effectiveness of the overburdened federal courts depends in large measure upon wise allocation of judicial energy. Extension of the en banc rehearing procedure in an era of increasingly congested dockets is an extravagance we simply cannot afford. F.R.A.P. 35 instructs that the en banc mechanism is “not favored” and strictly limits its use to cases of “extraordinary importance” or to resolve a clear and direct conflict between the decisions of different panels of the court. In practice en bancs are time-consuming and cumbersome, and only rarely produce dispositive resolution of major, recurring issues. The proliferation of opinions which is not rare in an en banc decision, usually obfuscates rather than clarifies. Ordinarily, I do not believe a judge should cast a vote for reconsideration by the entire court merely because he disagrees with the result reached by the panel. As I have indicated, Rule 35 was not adopted to provide that luxury.
Judge Kaufman’s observations of the inordinate amount of time generally involved in the disposition of an en banc appeal are highly applicable to the instant case, which was orally argued in November 2004, and has since been the subject of a proposed majority panel opinion affirming and reversing in part, a panel dissent, a request for en banc, responses thereto by all members of the court, a conference of the full court, a majority en banc opinion, and this and other dissenting and concurring opinions. The resulting delay is clearly at odds with the expressed instruction that criminal cases be given preference over civil cases. Fla. R. Jud. Admin. 2.052(a)(3).
By failing to establish any clearly defined standards for the exercise of this court’s en banc jurisdiction, we operate essentially as a two-tier appellate tribunal, with the full court assuming a supervisory role over panel decisions with which it disagrees. Thus, on the same record the panel determined the lower court had abused its discretion in refusing to admit into evidence the state’s attempt to revoke a bargained agreement of a material witness, this court, acting in its en banc capacity, decides, without any display of extraordinary circumstances, no abuse occurred. Because the power to resolve such issues has been constitutionally delegated to three-judge panels, I respectfully, but emphatically, dissent.

. In so concluding, I assume that the supreme court’s adoption of rule 9.331 was an appropriate exercise of its power to adopt rules of practice and procedure, conferred to it by Article V, section 2(a) of the Florida Constitution, because the procedural provisions of the rule may be said to be intimately intertwined with the creation of substantive rights. See Caple v. Tuttle’s Design-Build, Inc., 753 So.2d 49, 54 (Fla.2000). This is, however, an issue that has never been directly addressed. I do note that in adopting the rule, the court approved the Appellate Structure Commission's recommendation that the constitutional limitation placing decision-making authority in three-judge panels sets only a minimum standard and does not prohibit district courts from sitting en banc. See In re: Fla. Rules of Appellate Procedure, 374 So.2d at 993.

. For example, since the supreme court established its harmless beyond a reasonable doubt review standard in State v. DiGuilio, 491 So.2d 1129 (Fla.1986), this court has applied that standard in over 100 written opinions, and a substantial number of them have rejected the state’s harmless error argument.